**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ELSY EMPERATRIZ DEL CID-MARQUEZ; DAMARIS EVANGELINA HERNANDEZ-DEL CID; JOSUE FRANCISCO HERNANDEZ-DEL CID; WILSON GABRIEL HERNANDEZ-DEL CID, | No.   19-70663 |
| | Agency Nos.   A209-233-408 |
| | A209-233-409 |
| | A209-233-410 |
| Petitioners, | A209-233-411 |
| v. | |
| | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 21, 2022**
San Francisco, California

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  SCHROEDER and BADE, Circuit Judges, and JACK,*** District Judge.

Petitioner Elsy Del Cid-Marquez and her three children, Josue, Damarias[1] and Wilson (collectively, "Petitioners"), citizens of El Salvador, petition for review of the Board of Immigration Appeals' (BIA) denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  Elsy's children are derivative beneficiaries of her asylum application, and each child filed an individual application relying on Elsy's application.

After Josue refused to assist one of the local gangs, the gang identified Damarias as his sister,  attacked her, and threatened to kill and dismember her. The principal contention of Petitioners with respect to asylum and withholding, before the BIA and before this court, has been that they have been targeted for persecution on account of their "membership in a particular social group" within the meaning of 8 U.S.C. § 1158(b)(1)(B)(i).  Their designated group is their family.  The BIA, while assuming without deciding that the family was a valid social group, denied relief because it said Petitioners had not established they faced

---

*** The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

[1]Although the agency referred to Damarias as "Damaris," we refer to her as "Damarias," consistent with Petitioners' briefing.

a greater likelihood of harm from gangs than anyone else in El Salvador. That conclusion is irrelevant to the required nexus analysis. *Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) ("[T]o demonstrate that a protected ground was "at least one central reason" for persecution, an applicant must prove that such ground was a *cause of the persecutors' acts*." (emphasis added)). The BIA did not address Petitioners' contention that the attack on Damarias and threats on her life were premised on her family relationship to Josue. The BIA treated the incident as if it were only one of gang violence. The BIA, thus, did not consider that persecutors often have mixed motives, and "[o]ur mixed-motive cases make clear that the petitioner need not show that a protected ground was the *only* reason for persecution." *Garcia v. Wilkinson*, 988 F.3d 1136, 1143 (9th Cir. 2021).

Petitioners now ask us, as they asked the BIA, to hold that they have established eligibility for asylum and entitlement to withholding of removal on the basis of membership in their family, a statutorily protected social group. We, however, cannot decide an issue that the BIA did not decide. *See INS v. Ventura*, 537 U.S. 12, 16-17 (2002) (per curiam). The BIA failed to decide whether the past persecution was because of membership in a statutorily protected social group. We therefore must remand the asylum and withholding claims for the agency to decide the issue in the first instance.

To prevail on their CAT claim, Petitioners were required to show a likelihood of torture inflicted or instigated by a government official or with governmental acquiescence. 8 C.F.R. § 208.18(a)(1). There is substantial evidence in the record that the government does not participate in or acquiesce to gang violence, although its actions against gangs may prove less than effective. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (holding that acquiescence requires something more than "general ineffectiveness on the government's part"). The BIA's denial of CAT relief must be upheld.

**Petition Granted in Part, Denied in Part, and Remanded.** Each party shall bear its own costs.